ORDERED.

Dated: September 11, 2015

Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                              Case No.: 3:13-bk-7570-JAF

LILIA BELCOVA,                                          Chapter 12

    Debtor.
_____/

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case came before the Court upon Motion to Value Secured Claim 9 of Pennymac Loan Services, LLC ("Pennymac") (Doc. 73). The Court conducted an evidentiary hearing on July 27, 2015 to determine whether Debtor has standing to value Pennymac's claim. In lieu of oral argument, the Court directed the parties to submit memoranda in support of their respective positions. Upon the evidence and the applicable law, the Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

On December 12, 2006, Trust No. M7, a land trust (the "Land Trust") was created pursuant to Fla. Stat. § 689.071. (Debtor's Ex. 1). Jerry Katchmer, as the Trustee of the Land

1

Trust, took title to real property located in Levy County (the "Real Property") and Karl Stehlin was the Land Trust's sole beneficiary. (Id.) Paragraph 17 of the Land Trust instrument provides that a Trustee may be replaced upon: 1) resignation; 2) death; or 3) request by all beneficiaries, as evidenced by an instrument signed by all beneficiaries and accepted by a successor trustee.

On December 14, 2006, a management operating agreement was created for Realty Services, LLC naming Debtor as the entity's 100% member and Karl Stehlin as its manager and registered agent. (Debtor's Ex. 9). On April 30, 2009, Jerry Katchmer, as Trustee of the [Land Trust], executed a quit claim deed transferring the Real Property to Realty Services, LLC. (Debtor's Ex. 6). Karl Stehlin signed the quit claim deed as "Manager Member" of Realty Services, LLC. (Id.) On May 11, 2009, a warranty deed was executed which transferred the Real Property from Realty Services, LLC to [Debtor], as Successor Trustee under [the Land Trust]. (Debtor's Ex. 7). During the evidentiary hearing, Van Varnes, a title examiner with 37 years of experience, testified that it is his opinion that the current owner of the Real Property is [Debtor] as Trustee of the [Land Trust].

Debtor filed this Chapter 12 bankruptcy petition on November 4, 2013. On September 12, 2014, Debtor filed a proof of claim on behalf of Pennymac, which the clerk's office designated as Claim 9. On that same day, Debtor filed Motion to Value Secured Claim 9 of [Pennymac] to which Pennymac filed a response. Pennymac holds a note and mortgage granting it a security interest in the Real Property.

## Conclusions of Law

Chapter 689.071 of the Florida Statutes is entitled the Florida Land Trust Act (the "Land Trust Act"). The Land Trust Act defines a land trust as "any express written agreement . . . by which a . . . trust is declared of any land, under which the title to real property . . . is vested in a

trustee . . . by a recorded instrument that confers on the trustee, [the person designated in the trust agreement to hold title to the real property], the power and authority prescribed in [§] 689.073(1)."[1] Fla. Stat. § 689.071(1)(c), (h). Section 689.071(3) provides that "[e]very recorded instrument transferring any interest in real property to the trustee of a land trust . . . is effective to vest, and is hereby declared to have vested, in such trustee both legal and equitable title and full rights of ownership, over the trust property or interest therein . . .". Fla. Stat. § 689.071(3). "The beneficiary has no interest in [legal or equitable title]" and "the rights, privileges and obligation of the beneficiaries are not interests in real estate, but are expressly characterized as personal property." Goldman v. Mandell, 403 So. 2d 511, 512 (Fla. 5th DCA 1981). Additionally, "[e]ach successor trustee appointed with respect to a land trust is fully vested with all the estate properties, rights, powers, trusts, duties, and obligations of the predecessor trustee…". Fla. Stat. § 689.071(9)(d). Because the trustee of a land trust has "full rights of ownership" over the trust property, the trustee has standing to value such property.

Although Pennymac did not offer any evidence contradicting Debtor's assertion that she is the successor trustee of the Land Trust, PennyMac argues that Debtor is not the successor trustee and does not have therefore standing to value the Real Property. PennyMac points to Paragraph 17 of the Land Trust instrument which provides that a Trustee may be replaced upon: 1) resignation; 2) death; or 3) request by all beneficiaries, as evidenced by an instrument signed by all beneficiaries and accepted by a successor trustee. PennyMac asserts that Debtor has not shown evidence of an instrument lodged and signed by Karl Stehlin to Jerry Katchmer naming a successor trustee. The Court finds that Karl Stehlin's signature, as "Manager Member" of Realty Services, LLC, on the April 30, 2009 quit claim deed transferring the Real Property from Jerry

---

[1] Section 689.073(1) provides that a trustee is vested with the full power and authority as granted in the recorded instrument which designates the person or entity as the trustee.

Katchmer to Realty Services, LLC coupled with the subsequent transfer by warranty deed of the Real Property from Realty Services, LLC to [Debtor] as Successor Trustee of the [Land Trust] is sufficient to satisfy the Land Trust's instrument's requirement as to the replacement of a successor trustee.[2] The Court finds that Debtor is the trustee of the Land Trust.

Because Debtor is the Trustee of the Land Trust, she has full rights of ownership over the Real Property and has standing to value the Real Property. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

Robert W. Elrod, Jr. is directed to serve a copy of this order on all interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.

---

[2] While the deeds may be voidable by the prior trustee or a beneficiary, PennyMac does not have standing to seek avoidance.